UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                             :
HECTOR LUIS LAJARA GUITERREZ,                                :
                                        Petitioner,          :         18 Civ. 12025 (LGS)
                                                             :         17 Crim. 462-1 (LGS)
                      -against-                              :
                                                             :         <u>**OPINION & ORDER**</u>
UNITED STATES OF AMERICA,                                    :
                                      Respondent.            :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

        Petitioner Hector Luis Lajara Guiterrez brings a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2255 (the "Petition").  Petitioner moves to vacate his guilty plea due to

alleged ineffective assistance of counsel.  For the following reasons, the Petition is denied.

I.      **BACKGROUND**

        A.      **Petitioner's Criminal Activity**

        In May 2017, Petitioner, Jose Payano, Felix Melendez and Hector Madera engaged in a

scheme to rob a known drug dealer of heroin and cocaine.  On May 15, 2017, a confidential

source (the "CS") working with the Drug Enforcement Administration met with Payano in the

vicinity of Loring Place and West Fordham Road in the Bronx, NY.  During the meeting, the CS

told Payano that the CS worked for an individual who transported cocaine and heroin from a

storage location in New Jersey to New York City and offered to provide information to Payano

concerning a delivery that Payano and his associates could rob while in transport.  The CS

further told Payano that the delivery of drugs would consist of approximately fifteen kilograms

of cocaine and ten kilograms of heroin.  After receiving this information, Payano introduced the

CS to Petitioner and Madera.  The CS subsequently provided Petitioner and the others present

with the same information that he had previously given to Payano.

On May 24, 2017, the CS contacted Payano, who in turn informed Petitioner and his associates that the delivery of drugs would take place that day.  Law enforcement observed Petitioner and others meeting at a location in the Bronx and then proceeding to various locations while following the CS.  Eventually, Petitioner and the others arrived at the location where they believed the drugs would be arriving.  As they approached the target location, they were arrested.

**B.**  **The Plea Agreement and Petitioner's Guilty Plea**

On January 23, 2018, Petitioner pleaded guilty pursuant to a plea agreement (the "Plea Agreement") to charges of conspiracy to commit robbery, in violation of 18 U.S.C. § 1951, and conspiracy to distribute and possess with the intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).

At the plea hearing, the Court placed Petitioner under oath and asked a series of questions to determine that Petitioner was competent to plead guilty.  Petitioner confirmed that he was "satisfied with [his] attorney" and "[the attorney's] representation of [Petitioner] in this matter," and that he "had a full opportunity to discuss [his] case with [his] attorney and to discuss the consequences of entering a plea of guilty."  Petitioner also confirmed his understanding that "if [his] attorney or anyone else has attempted to estimate or predict what [his] sentence will be, that their estimate or prediction could be wrong," and that "[n]o one . . . not even [his] attorney or the government, can nor should give [him] any assurance of what [his] sentence will be."

Petitioner also confirmed his understanding that he was waiving his right to challenge his sentence "if [the] Court sentence[d] [him] within or below the stipulated guidelines range of 108 to 135 months of imprisonment" and that "even if [his] sentence [was] different from what [his] attorney or anyone else told [him] it might be, or if it [was] different from what [he] expect[ed],

that [Petitioner would] still be bound to [his] guilty plea and [Petitioner would] not be allowed to withdraw [his] plea of guilty."[1]

### C.    Sentencing

On May 18, 2018, the parties appeared for sentencing.  The Court calculated Petitioner's Guidelines range as 108 to 135 months' imprisonment, based on an offense level of thirty-one and a criminal history category of I.

Petitioner's lawyer sought a sentence of thirty-three months' imprisonment, arguing that Petitioner had accepted responsibility and recounted his efforts to secure a plea agreement limited to the robbery charge.  Defense counsel also confirmed that he had reviewed the presentence report with Petitioner and had no objections to add.  At the hearing, the Government informed the Court that concerns had arisen with the voluntariness of the guilty pleas of two of Petitioner's co-defendants, Melendez and Madera, and that the Government was considering offering those defendants robbery-only pleas.  The Government then argued for a Guidelines sentence based on Petitioner's conduct and criminal history.

The Court sentenced Petitioner to a term of fifty months' imprisonment to be followed by three years of supervised release.  Judgment was entered on May 22, 2018, and no direct appeal was filed.

### D.    Subsequent Events

On December 20, 2018, Petitioner filed the Petition pursuant to 28 U.S.C. § 2255.  On or around December 10, 2020, Petitioner was released from prison.  *See Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Sept. 14, 2022).  Petitioner's

---

[1]  The Plea Agreement was translated to Spanish and Petitioner confirmed that he was able to understand the Plea Agreement, the plea hearing and the sentencing through the Spanish interpreter.

claim is not moot because his ongoing supervised release obligations constitute "custody" for purposes of § 2255. *See Anguiano v. United States*, No. 17 Civ. 557, 2022 WL 2162985, at *2 (S.D.N.Y. May 9, 2022) (quoting *Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994)). On July 28, 2021, the case was re-assigned to the undersigned.

## II.     STANDARD

A federal prisoner may move to vacate, set aside, or correct his sentence on four grounds pursuant to 28 U.S.C. § 2255:

> (1) 'that the sentence was imposed in violation of the Constitution or laws of the United States, or [(2)] that the court was without jurisdiction to impose such sentence, or [(3)] that the sentence was in excess of the maximum authorized by law, or [(4)] is otherwise subject to collateral attack.'

*United States v. Hoskins*, 905 F.3d 97, 102 (2d Cir. 2018) (alteration in original) (quoting 28 U.S.C. § 2255(a)). "In ruling on a motion under § 2255, the district court is required to hold a hearing 'unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013) (quoting 28 U.S.C. § 2255(b)). "To warrant a hearing, the motion must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle [the petitioner] to relief." *Id*. at 131.

## III.    DISCUSSION

The Petition asserts four grounds upon which relief should be granted under § 2255 due to ineffective assistance of counsel. Petitioner asserts that his counsel "forced" Petitioner "to plead guilty to Counts One and Two;" "tricked" Petitioner into believing his guideline level was twenty-one instead of thirty-one; "promised [Petitioner] that [he] would not serve more than 33 months in prison;" and later told Petitioner that it was "not possible" to rescind his guilty plea before sentencing. The Petition states that these errors caused Petitioner to enter a guilty plea

4

that he would not otherwise have entered and asks for his plea to be vacated so that he may

replead.

The Sixth Amendment provides "the right to the effective assistance of counsel."

*Strickland v. Washington*, 466 U.S. 668, 684-86 (1984). "There is 'a strong presumption that

counsel's conduct fell within the wide range of professional assistance.'" *Weingarten v. United

States*, 865 F.3d 48, 52 (2d Cir. 2017) (quoting *Lynch v. Dolce*, 789 F.3d 303, 311 (2d Cir.

2015)). "To overcome that presumption, a petitioner must establish two elements. First, the

petitioner must show that counsel's performance was deficient by demonstrating that the

representation 'fell below an objective standard of reasonableness.'" *Weingarten*, 865 F.3d at 52

(quoting *Strickland*, 466 U.S. at 688). "Second, the petitioner must show that counsel's deficient

representation was prejudicial to the defense by establishing 'that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different.'" *Id*. (quoting *Strickland*, 466 U.S. at 694).

Petitioner cannot show deficient performance. Petitioner argues that he was "forced" to

enter into the Plea Agreement and received ineffective assistance of counsel because his counsel

"tricked" him into believing his guideline level was twenty-one, rather than thirty-one, for these

offenses and "promised" Petitioner would not serve more than thirty-three months in prison. But

these claims are directly contradicted by Petitioner's statements during his plea allocution. *See

United States v. Albarran*, 943 F.3d 106, 124 (2d Cir. 2019) ("[T]estimony at a plea hearing

carries such a strong presumption of accuracy that a district court does not, absent a substantial

reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory

testimony as to whether a plea was knowingly and intelligently made." (internal quotation marks

omitted)); *Rosenberger v. United States*, 133 F. App'x 799, 801 (2d Cir. 2005) (summary order)

(applying presumption in habeas context).  At that hearing, Petitioner testified that he was "satisfied with [his] attorney" and "had a full opportunity to discuss [his] case with [his] attorney and to discuss the consequences of entering a plea of guilty."  Petitioner also specifically confirmed that he understood neither his attorney nor the government could "give [him] any assurance of what [his] sentence [would] be" and answered "[n]o" when asked whether "anyone offered [him] any inducements or threatened [him] or forced [him] to plead guilty or to enter into the plea agreement."

Petitioner's claim that he first "discovered" his guidelines range was "108-135 months incarceration" in his presentence report also is contradicted by his testimony at the plea hearing. There, Petitioner confirmed his understanding of the Plea Agreement, which included his offense level of thirty-one and the stipulated guidelines range, and that he was waiving his right to challenge his sentence "if this Court sentences [him] within or below the stipulated guidelines range of 108 to 135 months of imprisonment."[2]

Petitioner's remaining argument -- that his counsel told him it was "not possible" to withdraw his plea -- is without merit.  Petitioner contends that he told his counsel that he wanted to "take [his] guilty plea back" after learning of his offense level and sentencing range.  But even assuming Petitioner's counsel told him that he could not withdraw his guilty plea prior to sentencing -- which his prior counsel denies in a sworn affidavit -- this falls within the wide range of professional assistance because a defendant's statement that he "face[s] a sentence of incarceration significantly longer than anticipated" is an "invalid ground for withdrawal of a plea"  *See, e.g.*, *United States v. Ponce*, No. 15 Crim. 156, 2015 WL 4254058, at *3 (S.D.N.Y.

---

[2]  Petitioner's arguments are further undermined by his counsel's sworn affidavit, which states that he "did not promise [Petitioner] that he would never serve more than 33 months in prison."

July 14, 2015) (quoting *United States v. Goodman*, 165 F3d 169, 173 (2d Cir. 1999)) (collecting cases).  Accordingly, the Petition failed to show that counsel's performance was deficient.  *See Weingarten*, 865 F.3d at 52.

## IV.   CONCLUSION

For the reasons stated above, the Petition is DENIED.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a Certificate of Appealability will not issue.  *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111-12 (2d Cir. 2000).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this judgment on the merits would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962) ("We consider a defendant's good faith . . . demonstrated when he seeks appellate review of any issue not frivolous.").

The Clerk of Court is respectfully directed to enter a judgment in favor of Respondent, close the motions at Dkt. Nos. 74 and 81 in Case No. 17 Crim. 462-1 and close Case Nos. 17 Crim. 462-1 and 18 Civ. 12025.

Dated:  September 22, 2022
         New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE